**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLES N. MAY,

        Plaintiff,                      Case Number: 04-CV-74690

v.                                           JUDGE PAUL D. BORMAN
                                               UNITED STATES DISTRICT COURT

J.D. CANDLER ROOFING COMPANY, INC.,
a Michigan corporation,

        Defendant.
_____ /

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**
**TO THE WAYNE COUNTY CIRCUIT COURT**

Now before the Court is Plaintiff's Motion to Remand. The Court heard oral argument on May 3, 2005. Having considered the entire record, and for the reasons that follow, the Court GRANTS the instant motion.

## I. BACKGROUND

On December 22, 2003, Charles N. May ("Plaintiff") filed, in Wayne County, Michigan, Circuit Court, a single-count complaint against his former employer J.D. Candler Roofing Company, Inc. ("Defendant"), alleging that Defendant terminated Plaintiff's employment based upon his age in violation of the Elliot Larsen Civil Rights Act ("the ELCRA"), M.C.L.A. 37.1201 *et seq.*

Also on December 22, 2003, Defendant filed a counterclaim against Plaintiff, alleging

that Plaintiff breached his commission agreement with Defendant by failing to repay an excess draw in the amount of $10,000 to Defendant. (Countercl. at ¶¶ 1-9.)

On September 23, 2004, Defendant deposed Plaintiff. (Pl.'s Br. at 1.) In his deposition, Plaintiff testified that Defendant's counterclaim was "ridiculous" because the excess draft resulted from Defendant offsetting the commissions owing Plaintiff by the contributions that Defendant made to Plaintiff's profit-sharing account, and that Defendant was not entitled to such offsetting. (Pl.'s Dep. at 24-28, Pl.'s Ex. 9.)

On October 14, 2004, upon the completion of discovery, Plaintiff filed a motion to amend his complaint, seeking to add a claim that Defendant breached the commission agreement by withholding $32,883.69 in commissions owing to Plaintiff as reimbursement for Defendant's contributions to Plaintiff's profit-sharing account. (Br. at 2.) Also on October 14, 2004, Plaintiff served Defendant with his motion to amend, to which he attached the proposed First Amended Complaint ("amended complaint"). (*Id.*; Pl.'s Ex. 2.)

On October 20, 2004, Defendant filed a response in opposition to Plaintiff's motion to amend his complaint, in which response Defendant argued that such amendment would be futile because the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, would completely preempt the proposed claim.[1] (Pl.'s Br. at 2; Pl.'s Ex. 3. at 5.) In that response, Defendant acknowledged that the commission agreement was a valid and binding contract that governed the manner in which Plaintiff was compensated, and argued that Defendant's deduction from Plaintiff's commissions of the amount that Defendant allocated to

---

[1] In its answer to Plaintiff's amended complaint, which Defendant filed on November 30, 2004, Defendant asserted complete preemption under ERISA as an affirmative defense. (Pl.'s Ex. 6 at 7.)

Plaintiff's profit-sharing account did not violate the commission agreement. (Pl.'s Br. at 2: Ex. 3 at ¶¶ 5D, 5L, 6.)

On October 29, 2004, the Wayne County Circuit Court, ruling from the bench, granted Plaintiff's motion to amend his complaint. (Pl.'s Br. at 2: Pl.'s Ex. 8.)

Plaintiff effectuated service of his amended complaint upon Defendant by mail dated November 9, 2004, and received on November 10, 2004. (Pl.'s Br. at 2; Pl.'s Ex. 5; Notice at 2.) Count I alleges that Defendant breached its commission agreement with Plaintiff by withholding $32,883.69 in commissions owing to Plaintiff as reimbursement for Defendant's contributions to Plaintiff's profit-sharing account. (1st Am. Compl. at ¶¶ 9-19.) Count II alleges that Defendant terminated Plaintiff's employment based upon his age in violation of the ELCRA, M.C.L.A. 37.1201 *et seq.* (*Id.* at ¶¶ 20-45.)

On December 1, 2004, Defendant filed a notice removing the amended complaint from the Wayne County Circuit Court to this Court pursuant to 28 U.S.C. § 1446(b) on the ground that Count I arises under ERISA, 29 U.S.C. § 1001, *et seq.* rather than Michigan law. (Notice at ¶¶ 2-3, 8.)

On December 20, 2004, Plaintiff filed the instant Motion to Remand the amended complaint to the Wayne County Circuit Court on the alternate grounds that: 1) Defendant failed to file its Notice of Removal within the requisite time limit that § 1446(b) sets forth; and 2) Count I does not arise under ERISA's civil enforcement provision of 29 U.S.C. § 1132(a)(1)(B), rather than Michigan law, such that the Court lacks subject-matter jurisdiction over Count I for purposes of sustaining the complaint's removal. (Mot. at 1.) In his motion, Plaintiff also seeks, under 28 U.S.C. § 1447(c), Defendant's reimbursement of the costs and attorney fees that

3

Plaintiff incurred in challenging Defendant's removal of Plaintiff's complaint, if successful. (*Id.* at 2.)

## II. ANALYSIS

A federal district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove to a federal district court "any civil action brought in a [s]tate court of which the . . . [federal district court has] original jurisdiction." 28 U.S.C. § 1441(a). Thus, a defendant may remove from state court to federal court any civil case arising under federal law. *See* 28 U.S.C. § 1441(b).

Generally, the "well-pleaded complaint rule" governs the existence of such federal-question jurisdiction. *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1988). That rule provides that federal-question jurisdiction exists only when the face of a properly-pleaded complaint presents a federal claim. *Id.* However, the doctrine of complete preemption affords an exception to the well-pleaded complaint rule. *See id.* Under this doctrine, even though a complaint, on its face, sets forth a claim under state law, that claim, nevertheless, arises under federal law when Congress intended federal law completely to preempt any such state-law claim. *Id.* at 476.

Section 1144, ERISA's express preemption provision, provides that ERISA "shall supersede any and all [s]tate laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144. However, such preemption alone does not necessarily transform the state-law claim into one arising under ERISA for purposes of its removal to federal court. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987). Rather, preemption of a

4

state-law claim pursuant to § 1144 is complete where the claim falls within ERISA's civil-enforcement provision of § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). *Warner v. Ford Motor Co.,* 46 F.3d 531 (6th Cir. 1955.) That provision provides:

> A civil action may be brought . . . by a participant or beneficiary [in or of an ERISA plan] . . . to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B); *see Metropolitan Life Ins. Co.,* 481 U.S. at 58, 66 (holding that the plaintiff's breach-of-contract claim seeking, among other things, the re-implementation of ERISA benefits fell within § 502(a) so as to be removable to federal court). Where the complete preemption doctrine applies, a defendant may remove the complaint from state court to federal court. *Rivet,* 522 U.S. at 475.

> The second paragraph of 28 U.S.C. § 1446(b) provides, in part:
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

*See Peters v. Lincoln Elec. Co.,* 285 F.3d 456 (6th Cir. 2002) (holding that a plaintiff's responses to deposition questioning may constitute an "other paper" for purposes of § 1446(b)). To further significant interests of comity and federalism, a federal court must strictly construe § 1446(b), and resolve any ambiguity concerning the scope of removal under § 1446(b) in favor of remand to the state courts. *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 534 (6th Cir. 1999).

### A. Timeliness of Defendant's Removal

Plaintiff contends that Defendant failed to file its Notice of Removal, which Defendant

filed on December 1, 2004, within the requisite time period that § 1446(b) sets forth. In support, Plaintiff raises three arguments in the alternative.

First, Plaintiff contends that Defendant, contrary to § 1446(b), failed to remove the complaint within thirty days of Plaintiff's deposition, which Defendant took on September 23, 2004, or on or before October 23, 2004. (Pl.'s Br. at 3-5.) Plaintiff contends that his deposition testimony revealed that Defendant's "right to offset the profit-sharing contributions from commissions [that Plaintiff] . . . had earned under the terms of the [c]ommission [a]greement was at issue, not only in defense of the [c]ounterclaim, but that [Plaintiff] . . . believed that . . . [Defendant] in fact owed . . . [Plaintiff] those commissions." (*Id.* at 5.) Plaintiff further contends that, because Defendant bases its removal of Plaintiff's complaint upon Plaintiff's "claim for non-payment" of commissions, ERISA was implicated at the time of Plaintiff's deposition. (*Id.*)

However, as Defendant aptly notes, Plaintiff's deposition testimony surrounding Defendant's failure to pay Plaintiff the commissions due him in full could not have demonstrated that Count I arises under ERISA for purposes of triggering § 1446(b)'s time limit for removal because no such count existed at that time; rather, at the time of his deposition testimony, Plaintiff's complaint only alleged a claim of age discrimination. (Resp. at 6-7.) *See Crump v. Wal-Mart Group Health Plan,* 925 F. Supp. 1214, 1219 (W.D. Ky 1996)(holding that, although the defendant "may speculate that [the] [p]laintiff intends to assert a removable claim, that speculation has no practical significance until the claim is a reality").

Second, Plaintiff contends that Defendant, contrary to § 1446(b), failed to remove the complaint within thirty days of Plaintiff's service upon Defendant of Plaintiff's motion to amend

his complaint, which service occurred on October 14, 2004, or on or before November 13, 2004. (Pl.'s Br. at 5-6.) Plaintiff notes that Defendant, in its response to Plaintiff's motion to amend his complaint, argued that such amendment would be futile because ERISA would completely preempt the proposed claim. (*Id.* at 2, 7; Pl.'s Ex. 3.) As Plaintiff further points out, a few courts have held that a plaintiff's delivery of a motion to amend his complaint triggers §1446(b)'s thirty-day limitations' period. (Br. at 6.) *See e.g., Harriman v. Liberian Maritime Corp.,* 204 F. Supp. 205, 206-07 (D. Mass. 1962) (reasoning that Congress did not condition the running of § 1446(b)'s limitations' period upon the defendant's "receipt of knowledge that a motion had been allowed" but, rather, on the defendant's "receipt . . . of a document which would bring home . . . the fact that [the] plaintiff had changed his claim" to render it removable); *Webster v. Sunnyside Corp.,* 836 F. Supp. 629, 630-31 (S.D. Iowa 1993) (rejecting the contention that § 1446(b)'s limitations' period begins to run "only when the motion to amend [the complaint] is granted and the amended complaint served" because § 1446(b)'s clear language does not condition the running of its time period on the motion being granted). Plaintiff argues that Defendant's removal of Plaintiff's complaint was seventeen days late under this minority view. (Br. at 6.)

Yet, as Defendant correctly asserts, had the state court not granted Plaintiff's motion to amend his complaint, which motion Defendant contested, Defendant could not have removed the action to federal court since, absent the addition of Count I to Plaintiff's complaint, no federal question would have existed. (Resp. at 7.) Indeed, most courts have rejected the minority view, and have held that § 1446(b)'s thirty-day limitations' period "commences upon either the granting of the motion to amend or the actual filing of the amended complaint." *Douklias v.*

*Teachers' Ins. and Annuity Assoc.,* 35 F. Supp. 2d 612, 615 (W.D. Tenn. 1999). As those courts have aptly reasoned, "the mere filing of the motion to amend when there is no ability to amend as a matter of right does not make an otherwise removable case removable" because the possibility remains that the court may, in its discretion, deny that motion. *Id.* Finding this reasoning persuasive, the Court rejects the minority approach and, thus, rejects Plaintiff's contention that § 1446(b) required Defendant to file its Notice of Removal upon merely being served with Plaintiff's motion to amend his complaint.

Lastly, Plaintiff contends that Defendant, contrary to § 1446(b), failed to remove the complaint within thirty days of the state court granting Plaintiff's motion to amend his complaint, which ruling occurred on October 29, 2004, or on or before November 28, 2004. (Pl.'s Br. at 4-6; Reply at 1.) As Plaintiff correctly argues, several courts adopting the majority approach have held that § 1446(b)'s thirty-day limitations' period commences upon the court simply granting the motion to amend the complaint. *See e.g., Sullivan v. Conway,* 157 F.3d 1092 (7th Cir. 1998). Plaintiff notes that Defendant's removal of Plaintiff's complaint was two days late under this majority view. (Br. at 6.)

Defendant, in turn, asserts that, at the earliest, the time for removal under § 1446(b) should commence from the time of the court's issuance of an order granting the plaintiff's motion to amend his complaint because "[a] court speaks only through its orders." (Resp. at 8.) See M.C.R. 2.602(A) (providing that, subject to exceptions not applicable here, "all judgments and orders must be in writing, signed by the court and dated with the date [that] they are signed"); *Schoonover v. West Am. Ins. Co.,* 665 F. Supp. 511, 514 (S.D. Miss. 1987) (holding that a court's oral dismissal of a non-diverse party in an unrecorded proceeding does not trigger

8

the time for removal). In other words, Defendant maintains that the court's ruling, from the bench, granting Plaintiff's motion to amend his complaint is insufficient to trigger the time for removal. While Defendant initially argued that an order granting Plaintiff's motion to amend his complaint was never entered, (Resp. at 8.), Plaintiff, in reply, submitted a copy of such an order dated October 29, 2005, the day of the hearing. (Reply at 1; Reply Ex. 1). Defendant, in a supplemental response, argues that it did not receive a copy or even notice of that order granting Plaintiff's motion to amend his complaint until January 25, 2005, via its attachment to Plaintiff's reply brief.[2] (Supp. Resp. at 2.) Taking a different tack, Defendant, thus, asserts–albeit implicitly–that Defendant's receipt of the court order granting Plaintiff's motion to amend his complaint triggers § 1446(b)'s limitations' period.

The Court, however, concludes that the time for removal under § 1446(b) commenced when the state court granted, from the bench, Plaintiff's motion to amend his complaint, not simply when Defendant received service or notice of the issuance of an order memorializing that oral ruling. To hold otherwise would be to exalt form over substance. Further, at oral argument on the instant motion, Defendant conceded that it was present in the Wayne County Circuit Court when the court ruled in favor of granting Plaintiff's motion to amend his complaint. As the Sixth Circuit has opined, the time for removal under § 1446(b) simply commences "from the date that a defendant has solid and unambiguous information that the case is removable." S*ee Holston v. Carolina Freight Carriers Corp.,* No. 90-1358, 1991 WL 112809 at *3 (6th Cir. June 26, 1991). While Defendant implicitly contends that its receipt of the court's order granting

---

[2]Specifically, Defendant asserts that, as of December 22, 2004, the court file, as the docket itself evidences, did not contain the order granting Plaintiff's motion to amend his complaint. (Supp. Resp. at 2.) Rather, the docket entry merely indicated that the order was to follow. (*Id.*)

Plaintiff's motion to amend gave Defendant the requisite information for removal while the court's oral ruling granting that motion did not, such a distinction is unpersuasive. Because it would undermine judicial economy for Plaintiff's amended complaint to proceed to final judgment in this Court only for the Court to learn on appeal that Defendant's removal of that complaint was improper, the Court will resolve any ambiguity in the scope of § 1446(b)'s limitations' period in favor of remand.

Arguing in favor of the stricter position within the majority approach, Defendant maintains that the time for removal commences when Defendant received the amended complaint. (Resp. at 8.) As this view underscores, even if the court grants the plaintiff leave to file an amended complaint, the plaintiff may never actually amend that complaint so as to render it removable. *Douklias,* 35 F. Supp.2d at 615, *see, e.g., Miller v. Stauffer Chemical Co.,* 527 F. Supp. 775, 777 (D. Kan. 1981). Defendant asserts that, based upon that view, it timely removed Plaintiff's complaint to this Court as it did so within 30 days–indeed, within 21 days–of its receipt of that complaint. (Resp. at 3-4, 8.)

However, the Court will, once again, resolve any ambiguity regarding the time for removal under § 1446(b) in favor of remand and interpret § 1446(b)'s thirty-day limitations' period to commence upon the state court granting Plaintiff's motion to amend, rather than Plaintiff's official filing of his amended complaint after receiving such leave. The Court finds, in sum, that Defendant's removal of Plaintiff's complaint to this Court was untimely.

### B.  Complete Preemption of Count I under ERISA

Plaintiff contends that ERISA does not completely preempt Count I because that count does not fall within ERISA's civil-enforcement provision of § 1132(a)(1)(B). (Pl.'s Br. at 7.)

10

First, Plaintiff argues that he does not seek, via Count I, to recover benefits due him under the terms of Defendant's profit-sharing plan in that Defendant has already allocated those benefits to Plaintiff's profit-sharing account. (*Id.* at 8; 1st Am. Compl. at ¶¶ 12-13.) Second, Plaintiff asserts that he does not seek, via Count I, to enforce any rights or to recover under the terms of Defendant's profit-sharing plan but, rather, seeks to enforce the commission agreement. (Br. at 8.) Lastly, Plaintiff contends that he does not seek, via Count I, to clarify his rights to future benefits under Defendant's profit-sharing plan in that Plaintiff does not seek any such future benefits. (*Id.* at 9.)

Rather, according to Plaintiff, Count I only places in issue the parties' rights under the terms of the commission agreement, not Defendant's profit-sharing plan. (*Id.* at 8.) Specifically, Plaintiff maintains that Count I raises the issue of whether the commission agreement precluded Defendant from offsetting Plaintiff's commissions by the contributions that Defendant paid into Plaintiff's profit-sharing account. (*Id.* at 9.)

Defendant, in turn, maintains that Count I falls within § 1132(a)(1)(B) so as to be completely preempted by ERISA. Specifically, Defendant contends that Count I is essentially a claim for the recovery of Plaintiff's profit-sharing benefits in that Plaintiff, in effect, "claims that Defendant wrongly made him bear the burden of the employer's profit-sharing plan contributions by deducting the same from commissions due him."[3] (Supp. Resp. at 2.) In other

---

[3]In opposing the instant motion, Defendant contends that *Beatty v. North Central Companies,* 170 F.Supp.2d 868 (D. Minn. 2001), *affirmed,* 282 F.3d 602 (8th Cir. 2002), supports Defendant's twin contentions that ERISA preempts Count I, and that ERISA permits an employer to utilize an employee's commissions to fund the employer's contributions under a qualified profit-sharing plan. (Resp. at 2.)

As Plaintiff points out, however, Defendant's reliance upon *Beatty* is misplaced. (Reply at 3.) In *Beatty,* the plaintiffs, at-will employees subject to no contract regarding their

words, Defendant argues that Count I alleges that Defendant "failed to make the required profit-sharing contributions on behalf of Plaintiff, instead deducting those . . . contributions from commission otherwise due Plaintiff" from Defendant. (Resp. at 2, 8-9.)

Plaintiff, in reply, underscores that, because Defendant made all of the requisite contributions to Plaintiff's profit-sharing account, Count I does not assert any rights under Defendant's profit-sharing plan. (Reply at 2.) Rather, as Plaintiff argues, Count I takes issue solely with Defendant's failure to pay the commissions owing to Plaintiff under the commission agreement. (*Id.*)

Indeed, as Plaintiff underscores, Defendant has admitted that its commission agreement with Plaintiff is a valid and binding contract that governs the manner in which Defendant is to compensate Plaintiff. Moreover, in its response, Defendant contends that the commission agreement provided for the deduction of all expenses associated with Plaintiff's sales services from the commissions due him, and that Defendant, therefore, deducted, as expenses, the contributions that it made to Plaintiff's profit-sharing account from the commissions due Plaintiff pursuant to the commission agreement. (Resp. at 4.)

---

compensation, alleged that the defendant employer breached its fiduciary duties in violation of ERISA when it reduced the percentage of the plaintiffs' commissions to fund the employer's contributions to its profit-sharing plan on their behalf. 170 F.Supp.2d at 876. In holding that the plaintiff's ERISA claim failed as a matter of law, the district court underscored that the plaintiffs failed to present any evidence that they, as at-will employees, were entitled to the commissions that the defendant reduced to fund its profit-sharing contributions. *Id.*

Unlike in *Beatty,* Plaintiff contends that his compensation agreement with Defendant contractually entitled him to all of the commissions owing to him without being offset by the contributions that Defendant paid to Plaintiff's profit-sharing account. Moreover, because *Beatty* did not address an ERISA claim for benefits under § 1132(a)(1)(B), but rather involved an ERISA claim for breach of fiduciary duties, *Beatty* is inapposite to Defendant's contention that ERISA completely preempts Count I.

The Court concludes that Count I simply raises the issue of whether the commission agreement precludes Defendant from offsetting–or, conversely, whether the agreement entitles Defendant to offset–Plaintiff's commissions by the contributions that Defendant paid into Plaintiff's profit-sharing account. Count I does not seek to recover benefits, to enforce Plaintiff's rights, or to clarify Plaintiff's rights to future benefits under Defendant's profit-sharing plan. Consequently, Count I does not fall within § 1132(a)(1)(B) of ERISA for purposes of complete preemption.

Thus, the Court finds that ERISA does not completely preempt Count I so as to transform it into a claim arising under federal law, and that, consequently, this Court lacks the requisite federal-question jurisdiction over Count I to sustain the removal of Plaintiff's complaint to this Court. In so holding, that Court is mindful of its duty to resolve "all disputed questions of fact and ambiguities in the controlling . . . law in favor of the non-removing" parties and to resolve "[a]ll doubts as to the propriety of removal . . . in the favor of remand." *Coyne v. Am. Tabacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999). Accordingly, the Court REMANDS Plaintiff's complaint to the Wayne County Circuit Court.[4]

### III. SUMMARY

For the preceding reasons, the Court GRANTS Plaintiff's motion to remand his complaint to the Wayne County Circuit Court.[5] Defendant's removal of Plaintiff's complaint to

---

[4] Upon finding that ERISA does not completely preempt Count I, the Court need not and does not determine whether ERISA provides a preemption defense to Count I; rather, the state court, upon remand, would determine whether any such defense exists. *See Warner v. Ford Motor Co.,* 46 F.3d 531, 535 (6th Cir. 1995).

[5] While Plaintiff seeks, under 28 U.S.C. § 1447(c), Defendant's reimbursement of Plaintiff's costs and attorney fees incurred in challenging the removal of Plaintiff's complaint, the Court, in

this Court was untimely under § 1446(b), and, even if removal were timely, this Court neither had subject-matter jurisdiction over Plaintiff's complaint at the time of its removal nor has such jurisdiction over that complaint at the present time.  *See Dawalt v Purdue Pharma, L.P.,* 397 F.3d 392 (6th Cir. 2005.)

s/ Paul D. Borman<br>PAUL D. BORMAN<br>UNITED STATES DISTRICT JUDGE

Dated:  May 12, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 12, 2005.

s/Jonie Parker<br>Case Manager

---

its discretion, denies Plaintiff's request.